IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMMY DEMOND BELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL NO. 07-0605-WS-C |
| ) | |
| GRANTT CULLIVER, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

This matter comes before the Court on petitioner's Motion for Issuance of Certificate of Appealability (doc. 18).

In a habeas corpus petition filed pursuant to 28 U.S.C. § 2254, petitioner Jammy Demond Bell collaterally attacked his Alabama state-court prison sentence of 25 years imposed on December 16, 2003 pursuant to Alabama's Habitual Felony Offender Statute.  Bell ascribed error to his state-court sentence on the following grounds: (1) ineffective assistance of trial counsel in eight different respects, (2) ineffective assistance of appellate counsel in two respects, (3) constitutional violations arising from the trial court's lack of venue, (4) constitutional violations arising from irregularities in administration of the oath to the petit jury, and (5) a claim that the sentence imposed exceeded the maximum authorized by law.

On January 24, 2008, Magistrate Judge Cassady entered a 53-page Report and Recommendation (doc. 11) in which he recommended that Bell's § 2254 petition be denied on the ground that his rights were not violated.  With respect to the venue claim, Magistrate Judge Cassady opined that such ground for relief is clearly procedurally barred because it is a non-jurisdictional issue that Bell failed to raise at trial or on appeal, despite its availability.  Alternatively, the Report and Recommendation explained, Bell's venue claim was meritless because venue was firmly established in the trial court that tried and convicted him.  With respect to the ineffective assistance of trial and appellate counsel claims, as well as the claim that Bell's sentence exceeded the maximum authorized by law, Magistrate Judge Cassady found that

Alabama state courts had reached the merits of those claims and that Bell had failed to demonstrate that the state-court adjudication on these points was contrary to, or turned on an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.  Finally, the Report and Recommendation concluded that the claim pertaining to administration of the oath was devoid of merit because it was entirely appropriate under Alabama law for the trial judge (rather than the clerk of court) to administer the oath to the petit jury.

Bell submitted extensive written objections to the Report and Recommendation; however, on March 17, 2008, the undersigned entered an Order (doc. 15) adopting the Magistrate Judge recommendation as the opinion of this Court, and overruling Bell's objections.  Bell appealed, and now seeks a Certificate of Appealability ("COA") in connection with that appeal.  Bell's Motion for COA does not specify any particular grounds on which a COA is sought, but instead relies generically on his previous filings and submissions in the case.  In so doing, Bell renders it difficult to perceive precisely which of his numerous issues and arguments he believes are sufficient to satisfy the rigorous COA threshold.

It is well established that a COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Hardwick v. Singletary*, 126 F.3d 1312, 1313 (11th Cir. 1997).  This standard is "materially identical" to that governing certificates of probable cause under the former 28 U.S.C. § 2253.  *Hardwick,* 126 F.3d at 1313.  In the context of certificates of probable cause, the Supreme Court defined the requirement of "a substantial showing of the denial of a federal right" to mean that the applicant must raise an issue that is debatable among jurists of reason.  *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

> "In requiring a 'question of some substance,' or a 'substantial showing of the denial of [a] federal right,' obviously the petitioner need not show that he should prevail on the merits. . . . Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

*Id.* (citations omitted).  The Supreme Court has echoed this interpretation in the context of a COA, opining that § 2253's "substantial showing" requirement means that a petitioner must

show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (adopting and applying *Slack* standard); *United States v. Futch*, 518 F.3d 887, 895 (11th Cir. 2008) (same).  Where a district judge rejects constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338.

In light of Bell's all-inclusive Motion for COA, the Court has carefully reviewed the entire Report and Recommendation, as adopted by this Court, through the prism of the standards outlined in § 2253(c)(2) and *Slack* for issuance of a COA.  After doing so, it is the conclusion of this Court that, for the reasons stated in that Report and Recommendation, reasonable jurists could not debate whether Bell's § 2254 petition should have been resolved in a different manner. Accordingly, petitioner's stated grounds for relief are wholly inadequate to deserve encouragement to proceed further, and cannot merit issuance of a COA.

For the foregoing reasons, petitioner's Motion for Certificate of Appealability (doc. 18) is **denied**.

DONE and ORDERED this 14th day of April, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE